UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 03-80295 CIV-MIDDLEBROOKS

MAGISTRATE JUDGE JOHNSON

EMARKETERSAMERICA.ORG, INC.,
A Florida Non Profit Corporation,

    Plaintiff,
vs.

SPEWS.ORG d/b/a THE HERMES GROUP;
SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT;
CSL GMBH JOKER.COM;
STEVE LINFORD;
JULIAN LINFORD;
ALAN MURPHY;
SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA;
STEVEN J. SOBOL;
CLIFTON T. SHARP;
RICHARD C. TIETJENS a/k/a MORLEY DOTES;
ADAM BROWER; and
STEPHEN JOSEPH JARED a/k/a JOE JARED,

    Defendants.
_____/



## COMPLAINT FOR EQUITABLE AND LEGAL RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff, EMARKETERSAMERICA.ORG, INC., a Florida Non Profit Corporation, by and through its undersigned Counsel, hereby files its Complaint for Equitable and Legal Relief and Demand for Jury Trial against Defendants, SPEWS.ORG d/b/a THE HERMES GROUP; SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT; CSL GMBH JOKER.COM; STEVE LINFORD; JULIAN LINFORD; ALAN MURPHY; SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA; STEVEN J. SOBOL; CLIFTON T. SHARP; RICHARD C. TIETJENS a/k/a MORLEY



DOTES; ADAM BROWER; ADAM BROWER; and STEPHEN JOSEPH JARED a/k/a JOE JARED, jointly and severally, and as grounds therefore alleges as follows:

## GENERAL ALLEGATIONS, JURISDICTION, AND VENUE

1.  Plaintiff, EMARKETERSAMERICA.ORG, INC., (hereinafter sometimes referred to as "EMARKETERS"), is a Florida Non Profit Corporation with its principal place of business in PALM BEACH County, Florida. EMARKETERS' membership base consists of email marketers, internet services providers domiciled in and throughout Florida, and other related businesses, which operate their businesses throughout the United States and the World.

2.  Defendant, SPEWS.ORG d/b/a THE HERMES GROUP (hereinafter referred to as "SPEWS"), is a United States of America based entity, which operates a blacklist of other's Internet Protocol addresses. Additionally, SPEWS and its principals sell products which block the electronic transmission and Internet communications of American citizens and businesses. SPEWS posts on the Internet and intentionally delivers information in its express efforts to interrupt and block the internet traffic of lawful businesses and individuals. SPAMHAUS maintains a list of other's Internet Protocol addresses and servers. SPEWS operates and conducts its activities through the Internet at www.SPEWS.org. Plaintiff is informed and believes that SPEWS has two offices located in California and one in Illinois.

3.  Defendant, SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT (hereinafter referred to as "SPAMHAUS"), is a United Kingdom based entity, which operates a blacklist of other's Internet Protocol addresses. Additionally, SPAMHAUS and its principals sell products which block the electronic transmission and communications of American citizens and businesses. SPAMHAUS posts on the Internet and intentionally delivers information in its express efforts to interrupt and block the internet traffic of lawful businesses and individuals. SPAMHAUS maintains

a list of other's Internet Protocol addresses and servers. SPAMHAUS operates and conducts its activities through the Internet at www.SPAMHAUS.org. SPAMHAUS is believed to have an office in the United States, but the whereabouts are unknown. SPAMHAUS has at least six (6) name-servers, all of which are pointed, directed, and which transmit through Defendant, CSL GMBH JOKER.COM.

4. Defendant, CSL GMBH JOKER.COM (hereinafter referred to as "JOKER"), is an authorized registrant of domains on the world wide web within the internet. JOKER is a corporation organized under the laws of Germany. JOKER registered SPAMHAUS and SPEWS, but has failed to provide a proper and correct addresses to the public for same.

5. Defendant, STEVE LINFORD (hereinafter referred to as "S. LINFORD") is an individual and is believed to be a resident and domiciliary of the United Kingdom, but has concealed his whereabouts. S. LINFORD is otherwise sui juris before this court. Plaintiff is informed and believes that S. LINFORD is an officer, director and principal of SPAMHAUS and SPEWS.

6. Defendant, JULIAN LINFORD (hereinafter referred to as "J. LINFORD") is an individual and is believed to be a resident and domiciliary of the United Kingdom, but has concealed his whereabouts. J. LINFORD is otherwise sui juris before this court. Plaintiff is informed and believes that J. LINFORD is an officer, director and principal of SPAMHAUS and SPEWS.

7. Defendant, ALAN MURPHY (hereinafter referred to as "MURPHY") is an individual and is believed to be a resident and domiciliary of the State of Washington. MURPHY is sui juris before this court. Plaintiff is informed and believes that MURPY is an officer, director and principal of SPAMHAUS and SPEWS.

8. Defendant, SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA (hereinafter referred to as "WILSON") is an individual and is believed to be a resident and domiciliary of the State

of California. WILSON is sui juris before this Court. Plaintiff is informed and believes that WILSON is an officer, director and principal of SPAMHAUS and SPEWS.

9. Defendant, STEVEN J. SOBOL (hereinafter referred to as "SOBOL") is an individual and is believed to be a resident and domiciliary of the State of Ohio. SOBOL is sui juris before this court. Plaintiff is informed and believes that SOBOL is an officer, director and principal of SPAMHAUS and SPEWS.

10. Defendant, CLIFTON T. SHARP (hereinafter referred to as "SHARP") is an individual and is believed to be a resident and domiciliary of the State of Ohio. SHARP is sui juris before this court. Plaintiff is informed and believes that SHARP is an officer, director and principal of SPAMHAUS and SPEWS.

11. Defendant, RICHARD C. TIETJENS a/k/a MORLEY DOTES, (hereinafter referred to a "TIETJENS") is an individual and is believed to be a resident and domiciliary of the State of Oregon. TIETJENS is sui juris before this Court. Plaintiff is informed and believes that BROWER is an officer, director and principal of SPAMHAUS and SPEWS.

12. Defendant, ADAM BROWER, (hereinafter referred to a "BROWER") is an individual and is believed to be a resident and domiciliary of the State of Illinois. BROWER is sui juris before this Court. Plaintiff is informed and believes that BROWER is an officer, director and principal of SPAMHAUS and SPEWS.

13. Defendant, STEPHEN JOSEPH JARED a/k/a JOE JARED GUNN (hereinafter referred to a "JARED") is a resident of the State of California. JARED is sui juris before this Court. Plaintiff is informed and believes that JARED is an officer, director and principal of SPAMHAUS and SPEWS.

14. Plaintiff is a corporation incorporated under the laws of the State of Florida having its

principal place of business in the State of Florida and Defendant, CSL GMBH JOKER.COM, is a corporation organized under the laws of Germany, having its principal place of business in Germany. Neither SPEWS, SPAMHAUS, JOKER, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, or JARED are either incorporated or domiciled within the state of Florida. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction and based upon the allegations contained within this Complaint, venue is proper within the Southern District of Florida, West Palm Beach Division.

15. Plaintiff is obligated to pay the undersigned law firm a reasonable fee for its services and re-imbursement for the costs of the prosecution of this action.

16. Upon information and belief, on October 1, 1999, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, and JARED caused JOKER to register the SPAHHAUS domain, www.SPAMHAUS.org, within its registration network within the world wide web. Since that time S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED and SPAMHAUS have engaged in the below described redressable conduct.

17. Upon information and belief, on July 7, 2001, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, and JARED caused JOKER to register the SPEWS domain, www.SPEWS.org, within its registration network within the world wide web. Since that time S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED and SPEWS have engaged in the below described redressable conduct.

18. Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL,

SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS failed to provide JOKER with proper domain registration information, including, but not limited to, their addresses, proper incorporated status, and other essential contact information.

19. Defendant, JOKER failed to collect from S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS proper domain registration information, including, but not limited to, their addresses, proper incorporated status, and other essential contact information. This is a violation of JOKER's authority to register and facilitate domains on the world wide web.

20. Defendant, JOKER failed to provide the proper domain registration information, including, but not limited to, the addresses, proper incorporated status, and other essential contact information for www.SPAMHAUS.org and www.SPEWS.org.

21. Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, and JARED have intentionally posted on their websites, www.SPAMHAUS.org and www.SPEWS.org, false, misleading and otherwise trade libelous information concerning the Plaintiff. Specifically, they have reported that the business practices of the Plaintiff are illegal and that the internet protocol addresses and servers of members of the Plaintiff's are not their property.

22. Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS have intentionally transmitted false information via the "Spamhaus Block List" and Spews filtering devices to third parties in direct efforts to maliciously interfere with the businesses of the Plaintiff, and its members. These third parties include, the upstream providers and other contractual partners of the Plaintiff.

23. Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL,

6

SHARP, TIETJENS, BROWER, JARED, SPAMHAUS, SPEWS, and JOKER have blocked the Internet Protocol addresses and the servers of persons and entities who have done and who are doing business with the Plaintiff.

24. Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS sell products, which interference, block and destroy all internet transmissions and communications of the businesses and individuals, including the Plaintiff. These complained activities interrupt the flow of interstate commerce and international commerce.

25. Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS'S efforts are calculated to disrupt and destroy the businesses, and the business and personal reputations of the Plaintiff.

26. Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS have sought to conceal their whereabouts to avoid suit.

27. Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS have acted in concert with the intention to destroy the business and personal reputations of the Plaintiff.

28. Defendant, JOKER holds the true identities and whereabouts of Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS.

29. All conditions precedent to the institution of this action have been performed, excused or have occurred.

**Count I – Injunctive and other equitable relief**

30. Plaintiff realleges and reasserts paragraphs 1 through 29 as though more fully set forth herein.

31. This is an action within this courts equitable jurisdiction.

32. Plaintiff will suffer irreparable harm to its business reputation and loss of its good will, unless the status quo is maintained. Should the Defendants, be allowed to continue their assault upon the Plaintiff and the Plaintiff's industry, the Plaintiff's industry will cease to exist. This will cause more Americans to become unemployed.

33. Plaintiff has no adequate remedy at law.

34. Plaintiff has a clear legal right to the relief requested.

35. The issuance of a temporary injunction will serve the public interest.

WHEREFORE, Plaintiff, EMARKETERSAMERICA.ORG, INC., demands:

A. the issuance of an injunction against Defendant, CSL GMBH JOKER.COM, which would prevent CSL GMBH JOKER.COM from maintaining, registering, and supporting www.SPAMHAUS.org and www.SPEWS.org or any other current or future domain of Defendants, SPEWS.ORG d/b/a THE HERMES GROUP; SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT; STEVE LINFORD; JULIAN LINFORD; ALAN MURPHY; SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA; STEVEN J. SOBOL; CLIFTON T. SHARP; RICHARD C. TIETJENS a/k/a MORLEY DOTES; ADAM BROWER; ADAM BROWER; and STEPHEN JOSEPH JARED a/k/a JOE JARED, or any other affiliate and associate of SPEWS.ORG d/b/a THE HERMES GROUP; SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT; and

B. CSL GMBH JOKER.COM release and deliver, forthwith, to the Plaintiff and file with this Court all information concerning the true identities and whereabouts of

Defendants, SPEWS.ORG d/b/a THE HERMES GROUP; SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT; STEVE LINFORD; JULIAN LINFORD; ALAN MURPHY; SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA; STEVEN J. SOBOL; CLIFTON T. SHARP; RICHARD C. TIETJENS a/k/a MORLEY DOTES; ADAM BROWER; ADAM BROWER; and STEPHEN JOSEPH JARED a/k/a JOE JARED; and

C. The issuance of an injunction forever preventing Defendants, SPEWS.ORG d/b/a THE HERMES GROUP; SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT; STEVE LINFORD; JULIAN LINFORD; ALAN MURPHY; SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA; STEVEN J. SOBOL; CLIFTON T. SHARP; RICHARD C. TIETJENS a/k/a MORLEY DOTES; ADAM BROWER; ADAM BROWER; and STEPHEN JOSEPH JARED a/k/a JOE JARED from operating any entity or acting in any way to block or blacklist any Internet Protocol addresses and servers of the Plaintiff or to engage in any similar type activity; and

D. An award for attorney fees and court costs, interest, together with such other and further relief as this Court deems just, proper, and equitable.

### Count II – Conversion

36. Plaintiff realleges and reasserts paragraphs 1 through 29 as though more fully set forth herein.

37. This is an action for the tort of conversion for damages, which exceed the sum of $75,000.00, exclusive of interest and costs.

38. From October 1, 1999 (SPAMHAUS) and July 7, 2001 (SPEWS) through the present S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS have intentionally blocklisted [blacklisted] and

filtered, in order to purposefully take away certain Internet Protocol addresses and servers, which are the property of the Plaintiff.

39. Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS converted said Internet Protocol addresses and servers to their own use and for their own financial gain.

40. Said conversion of Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS, was the direct and proximate cause of damage to Plaintiff.

41. Plaintiff, EMARKETERS suffered damages.

WHEREFORE, Plaintiff, EMARKETERSAMERICA.ORG, INC., demands judgment for damages against Defendants, SPEWS.ORG d/b/a THE HERMES GROUP; SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT; STEVE LINFORD; JULIAN LINFORD; ALAN MURPHY; SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA; STEVEN J. SOBOL; CLIFTON T. SHARP; RICHARD C. TIETJENS a/k/a MORLEY DOTES; ADAM BROWER; ADAM BROWER; and STEPHEN JOSEPH JARED a/k/a JOE JARED, jointly and severally, an award for attorney fees and court costs, interest, with leave to amend to assert a claim for punitive damages upon a proper showing, together with such other and further relief as this Court deems just, proper, and equitable.

## Count III – Libel per se

42. Plaintiff realleges and reasserts paragraphs 1 through 29 as though more fully set forth herein.

43. This is an action founded in tort for libel per se for damages, which exceed the sum of $75,000.00, exclusive of interest and costs.

35. From October 1, 1999 (SPAMHAUS) and July 7, 2001 (SPEWS) through the present

Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS have intentionally and did affirmatively disclose, disseminate, and publish on, by and through www.SPAMHAUS.org and www.SPEWS.org false statements of and concerning the Plaintiff's members (hereinafter sometimes collectively referred to as the "Statements").

36. The Statements accused the Plaintiff's of illegal business activities and are actionable as libel per se.

37. None of the Statements disclosed by the Defendants were of legitimate public concern.

38. Statements disclosed by Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS, were highly offensive to a reasonable person.

39. At the time of the disclosure of the Statements, said disclosure was known by all such Defendants not to be of public concern and were known to be false.

40. Plaintiff, EMARKETERS have suffered general and special damages as a result of the Defendants disclosure.

WHEREFORE, Plaintiff, EMARKETERSAMERICA.ORG, INC., demands judgment for damages against Defendants, SPEWS.ORG d/b/a THE HERMES GROUP; SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT; STEVE LINFORD; JULIAN LINFORD; ALAN MURPHY; SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA; STEVEN J. SOBOL; CLIFTON T. SHARP; RICHARD C. TIETJENS a/k/a MORLEY DOTES; ADAM BROWER; ADAM BROWER; and STEPHEN JOSEPH JARED a/k/a JOE JARED, jointly and severally, an award for attorney fees and court costs, interest, with leave to amend to assert a claim for punitive damages upon a proper

showing, together with such other and further relief as this Court deems just, proper, and equitable.

### Count IV - Invasion of Privacy by Public Disclosure of Private Facts

41.     Plaintiff realleges and reasserts paragraphs 1 through 29 as though more fully stated herein.

42.     This is an action founded in tort for invasion of privacy by public disclosure of private facts for damages, which exceed the sum of $75,000.00, exclusive of interest and costs.

43.     From October 1, 1999 (SPAMHAUS) and July 7, 2001 (SPEWS) through the present Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS have intentionally and did affirmatively disclose, disseminate, and publish on, by and through www.SPAMHAUS.org and www.SPEWS.org false statements of and concerning the Plaintiff's members (hereinafter sometimes collectively referred to as the "Statements").

44.     The Statements accused the Plaintiff's of illegal business activities and are actionable as libel per se.

45.     None of the Statements disclosed by the Defendants were of legitimate public concern.

46.     Statements disclosed by Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS, were highly offensive to a reasonable person.

47.     At the time of the disclosure of the Statements, said disclosure was known by all such Defendants not to be of public concern and were known to be false.

48.     Plaintiff, EMARKETERS have suffered general and special damages as a result of the Defendants disclosure.

WHEREFORE, Plaintiff, EMARKETERSAMERICA.ORG, INC., demands judgment for damages against Defendants, SPEWS.ORG d/b/a THE HERMES GROUP; SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT; STEVE LINFORD; JULIAN LINFORD; ALAN MURPHY; SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA; STEVEN J. SOBOL; CLIFTON T. SHARP; RICHARD C. TIETJENS a/k/a MORLEY DOTES; ADAM BROWER; ADAM BROWER; and STEPHEN JOSEPH JARED a/k/a JOE JARED, jointly and severally, an award for attorney fees and court costs, interest, with leave to amend to assert a claim for punitive damages upon a proper showing, together with such other and further relief as this Court deems just, proper, and equitable.

### **Count V – False Light**

49.     Plaintiff realleges and reasserts paragraphs 1 through 29 as though more fully set forth herein.

50.     This is an action founded in tort for false light for damages, which exceed the sum of $75,000.00, exclusive of interest and costs.

51.     From October 1, 1999 (SPAMHAUS) and July 7, 2001 (SPEWS) through the present Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS have intentionally and did affirmatively disclose, disseminate, and publish on, by and through www.SPAMHAUS.org and www.SPEWS.org false statements of and concerning the Plaintiff's members (hereinafter sometimes collectively referred to as the "Statements").

52.     The Statements accused the Plaintiff's of illegal business activities and are actionable as false light per se.

53.     None of the Statements disclosed by the Defendants were of legitimate public concern.

54. Statements disclosed by Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS, were highly offensive to a reasonable person and has placed the Plaintiff's members in a false light, both personally and in the business community.

55. At the time of the disclosure of the Statements, said disclosure was known by all such Defendants not to be of public concern and were known to be false.

56. Plaintiff, EMARKETERS have suffered general and special damages as a result of the Defendants disclosure.

WHEREFORE, Plaintiff, EMARKETERSAMERICA.ORG, INC., demands judgment for damages against Defendants, SPEWS.ORG d/b/a THE HERMES GROUP; SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT; STEVE LINFORD; JULIAN LINFORD; ALAN MURPHY; SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA; STEVEN J. SOBOL; CLIFTON T. SHARP; RICHARD C. TIETJENS a/k/a MORLEY DOTES; ADAM BROWER; ADAM BROWER; and STEPHEN JOSEPH JARED a/k/a JOE JARED, jointly and severally, an award for attorney fees and court costs, interest, with leave to amend to assert a claim for punitive damages upon a proper showing, together with such other and further relief as this Court deems just, proper, and equitable.

## Count VI – Intentional Interference with a Contract

57. Plaintiff realleges and reasserts paragraphs 1 through 29 as though more fully set forth herein.

58. This is an action for the tort of intentional interference with a contract for damages, which exceed the sum of $75,000.00, exclusive of interest and costs.

59. Plaintiffs did enter into certain contracts for internet bandwith services and electronic transmission products with certain providers including, but not limited to, ADELPHIA BUSINESS

SOLUTIONS, QWEST COMMUNICATIONS CORPORATION, WORLDCOM, and X O COMMUNICATIONS, (hereinafter referred to as "THE CONTRACTS").

60. Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS, did have first hand knowledge of THE CONTRACTS.

61. Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS, did intentionally with malice procure and cause the breach of THE CONTRACTS by intentionally and affirmatively disclosing, disseminating, and publishing on, by and through www.SPAMHAUS.org and www.SPEWS.org false statements of and concerning the Plaintiff directly to providers of the Plaintiff including, but not limited to, ADELPHIA BUSINESS SOLUTIONS, QWEST COMMUNICATIONS CORPORATION, WORLDCOM, and X O COMMUNICATIONS (hereinafter collectively referred to as the "INTERFERENCE").

62. The INTERFERENCE by the Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS, was completely without justification or excuse.

63. The INTERFERENCE by Defendants, S. LINFORD, J. LINFORD, MURPHY, WILSON, GUNN, SOBOL, SHARP, TIETJENS, BROWER, JARED, SPAMHAUS and SPEWS, was the direct and proximate cause of damage to Plaintiff.

64. Plaintiff, EMARKETERS suffered damages.

WHEREFORE, Plaintiff, EMARKETERSAMERICA.ORG, INC., demands judgment for damages against Defendants, SPEWS.ORG d/b/a THE HERMES GROUP; SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT; STEVE LINFORD; JULIAN LINFORD; ALAN MURPHY; SUSAN

WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA; STEVEN J. SOBOL; CLIFTON T. SHARP; RICHARD C. TIETJENS a/k/a MORLEY DOTES; ADAM BROWER; ADAM BROWER; and STEPHEN JOSEPH JARED a/k/a JOE JARED, jointly and severally, an award for attorney fees and court costs, interest, with leave to amend to assert a claim for punitive damages upon a proper showing, together with such other and further relief as this Court deems just, proper, and equitable.

## Demand for Jury Trial

Plaintiff, EMARKETERSAMERICA.ORG, INC. hereby makes a demand for a jury trial of all counts so triable.

DATED this 14th day of April, 2003.

>FELSTEIN & ASSOCIATES, P.A.
>Attorneys for EMarketersAmerica.org, Inc.
>555 South Federal Highway, Suite 450
>Boca Raton, Florida 33432
>(561) 367-7990 Phone
>(561) 367-7980 Facsimile
>mark@EMarketersAmerica.org
>
>BY _/s/ Mark E. Felstein_
>Mark E. Felstein, Esq.
>FBN: 192139

**03-80295**

JS 44 (Rev. 3/99)   CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV - MIDDLEBROOKS**

**I. (a) PLAINTIFFS**
EMarketersAmerica.org, Inc.

**DEFENDANTS**
Spamhaus.org d/b/a The Spamhaus Project

(b) County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: United Kingdom
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**MAGISTRATE JUDGE JOHNSON**

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark E. Felstein, Esq.
Felstein & Associates, P.A.    561-367-7770
555 S. Federal Hwy., #450
Boca Raton, FL 33432

Attorneys (If Known)
Palm Beach 9:03cv80295DMM/RJ

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury -- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☒ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS--Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Preliminary Injunction and Tortious Interference and Privacy Claims.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   Preliminary Injunction   DEMAND $ excess of 75,000.00   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 4/14/03   SIGNATURE OF ATTORNEY OF RECORD [signature]   FBN: 152139

FOR OFFICE USE ONLY
RECEIPT # 52776   AMOUNT 150.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____