UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80295-CIV-MIDDLEBROOKS/JOHNSON

EMARKETERSAMERICA.ORG, INC.,
A Florida not-for-profit corporation,

       Plaintiff,

v.

SPEWS.ORG d/b/a THE HERMES GROUP;
SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT;
CSL GMBH JOKER.COM;
STEVE LINFORD;
JULIAN LINFORD;
ALAN MURPHY;
SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA;
STEVEN J. SOBOL;
CLIFTON T. SHARP;
RICHARD C. TIETJENS a/k/a MORLEY DOTES;
ADAM BROWER; and
STEPHEN JOSEPH JARED a/k/a JOE JARED,

       Defendants.
_____/

## ANSWER

Defendants Spamhaus.Org ("SpamHaus"), Steve Linford ("Linford"), Alan Murphy ("Murphy"), Susan Gunn ("Wilson" or "Gunn"), Steven J. Sobol ("Sobol"), Clifton T. Sharp ("Sharp"), Richard C. Tietjens ("Tietjens"), Adam Brower ("Brower"), and Stephen Joseph Jared ("Jared") (collectively the "Answering Defendants"), with express reservation of their jurisdiction-related defenses, respond to the Complaint For Equitable And Legal Relief And Demand For Jury Trial of Plaintiff EmarketersAmerica.org, Inc. ("Plaintiff" or "EMA") and show as follows:



## RESPONSE TO SPECIFIC PARAGRAPHS

The Answering Defendants respond as follows to the individually-numbered paragraphs of Plaintiff's Complaint:

1. Responding to the allegations of Paragraph 1 of Plaintiff's Complaint, the Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and can therefore neither admit nor deny same.

2. Responding to the allegations of Paragraph 2 of Plaintiff's Complaint, Defendant Brower denies that SPEWS is "doing business as" The Hermes Group and affirmatively shows that The Hermes Group is a sole proprietorship owned and operated by Brower, the business and operations of which have nothing whatsoever to do with SPEWS. The Answering Defendants, including Brower, deny that they are employed by or responsible for SPEWS. Upon information and belief, on the basis of publicly-available information at "http://www.spews.org" (the "SPEWS web site"), the Answering Defendants show that "SPEWS" refers to a listing of spam-related Internet Protocol addresses ("IP addresses") and that SPEWS makes that list available for free. Moreover, also upon information and belief, the Answering Defendants deny that SPEWS operates a "blacklist," insofar as that word is vague, ambiguous, and is intended to mean a list of people who are "disapproved of" or who are to be "punished." *(See Websters Collegiate Dictionary (10th ed.))*. Rather, the Answering Defendants point out that the SPEWS web site defines SPEWS as a two-tiered list of IP addresses belonging to, or otherwise being used in whole or in part to support the operations of, spammers and/or those people or entities who knowingly provide Internet-related support or services to those spammers. The Answering Defendants deny all remaining allegations of Paragraph 2 of Plaintiff's Complaint and put

Plaintiff to strict proof of those allegations contradicted by the Answering Defendants' "information and belief" statements above.

3. Responding to the allegations of Paragraph 3 of Plaintiff's Complaint, Defendants Linford, Spamhaus, and Murphy admit that Spamhaus is a United Kingdom entity doing business via the web site "http://www.spamhaus.org" (the "Spamhaus web site"). Linford, Spamhaus, and Murphy deny that Spamhaus operates a "blacklist," insofar as that word is vague, ambiguous, and is intended to mean a list of people who are "disapproved of" or who are to be "punished" *(See Websters Collegiate Dictionary (10th ed.))*. Rather, Linford, Spamhaus, and Murphy show that Spamhaus maintains, among other information, a list of IP addresses belonging to, or otherwise being used in whole or in part to support the operations of, spammers and/or those people or entities who knowingly provide Internet-related support or services to those spammers. Linford and Spamhaus deny that Spamhaus has any office in the United States and deny that Spamhaus sells any products or services whatsoever. The remaining Answering Defendants, operating on information and belief arising from information publicly available at the Spamhaus web site, incorporate by reference the foregoing response of Linford and Spamhaus in its entirety. The Answering Defendants deny any remaining allegations of Paragraph 3 of Plaintiff's Complaint.

4. Responding to the allegations of Paragraph 4 of Plaintiff's Complaint, the Answering Defendants deny that Joker is an "authorized registrant" and affirmatively show, upon information and belief arising from publicly-available information, that Plaintiff has erroneously interchanged the terms "registrar" and "registrant." The Answering Defendants likewise deny that Joker "registered" the domain "Spamhaus" and affirmatively show that a domain is "registered by" the registrant (i.e., the domain owner), not the registrar. Defendants

Linford and Spamhaus admit that "Spamhaus.org" was registered by Linford using Joker as the registrar and show that Linford provided proper and accurate contact information. The Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of any and all remaining allegations, including all allegations relating to SPEWS, and can therefore neither admit nor deny same. The Answering Defendants deny all remaining allegations of Paragraph 4 of Plaintiff's Complaint.

5. Responding to the allegations of Paragraph 5 of Plaintiff's Complaint, Defendants Spamhaus and Linford admit that Linford is a principal of Spamhaus and admit that he is a resident of the United Kingdom. Spamhaus and Linford also deny all remaining allegations of Paragraph 5 of Plaintiff's Complaint. The remaining Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 5 of Plaintiff's Complaint and can therefore neither admit nor deny same. The Answering Defendants deny all remaining allegations of Paragraph 5 of Plaintiff's Complaint.

6. Responding to the allegations of Paragraph 6 of Plaintiff's Complaint, Defendants Spamhaus and Linford deny all allegations therein. The remaining Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint and can therefore neither admit nor deny same.

7. Responding to the allegations of Paragraph 7 of Plaintiff's Complaint, Defendant Murphy admits that he is a resident of Washington and admits that he is over the age of majority. Defendant Murphy denies all remaining allegations of Paragraph 7 of Plaintiff's Complaint. Moreover, Spamhaus and Linford also deny that Murphy is an officer, director, or principal of Spamhaus. The remaining Answering Defendants lack information or knowledge sufficient to

form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Complaint and can therefore neither admit nor deny same.

8. Responding to the allegations of Paragraph 8 of Plaintiff's Complaint, Defendant Wilson/Gunn admits that she is over the age of majority and affirmatively shows that her name is actually "Susan F. Gunn." Defendant Gunn denies all remaining allegations of Paragraph 8 of Plaintiff's Complaint. Moreover, Spamhaus and Linford also deny that Gunn is an officer, director, or principal of Spamhaus. The remaining Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiff's Complaint and can therefore neither admit nor deny same.

9. Responding to the allegations of Paragraph 9 of Plaintiff's Complaint, Defendant Sobol admits that he is a resident of Ohio and admits that he is over the age of majority. Defendant Sobol denies all remaining allegations of Paragraph 9 of Plaintiff's Complaint. Moreover, Spamhaus and Linford also deny that Sobol is an officer, director, or principal of Spamhaus. The remaining Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9 of Plaintiff's Complaint and can therefore neither admit nor deny same.

10. Responding to the allegations of Paragraph 10 of Plaintiff's Complaint, Defendant Sharp admits that he is over the age of majority. Defendant Sharp denies all remaining allegations of Paragraph 10 of Plaintiff's Complaint. Moreover, Spamhaus and Linford also deny that Sharp is an officer, director, or principal of Spamhaus. The remaining Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10 of Plaintiff's Complaint and can therefore neither admit nor deny same.

11. Responding to the allegations of Paragraph 11 of Plaintiff's Complaint, Defendant Tietjens admits that he is a resident of Oregon, admits that he is over the age of majority, and denies the remaining allegations of this paragraph. Defendant Brower denies that he is an officer, director, or principal of SPEWS or Spamhaus. Moreover, Spamhaus and Linford also deny that Brower is an officer, director, or principal of Spamhaus. The remaining Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 11 of Plaintiff's Complaint and can therefore neither admit nor deny same.

12. Responding to the allegations of Paragraph 12 of Plaintiff's Complaint, Defendant Brower admits that he is a resident of Illinois and admits that he is over the age of majority. Defendant Brower denies all remaining allegations of Paragraph 12 of Plaintiff's Complaint. Moreover, Spamhaus and Linford also deny that Brower is an officer, director, or principal of Spamhaus. The remaining Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 12 of Plaintiff's Complaint and can therefore neither admit nor deny same.

13. Responding to the allegations of Paragraph 13 of Plaintiff's Complaint, Defendant Jared admits that he is a resident of California and admits that he is over the age of majority. Defendant Jared denies all remaining allegations of Paragraph 13 of Plaintiff's Complaint, including the allegation that he has used "Gunn" as an alias. Moreover, Spamhaus and Linford also deny that Jared is an officer, director, or principal of Spamhaus. The remaining Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 13 of Plaintiff's Complaint and can therefore neither admit nor deny same.

14. Responding to the allegations of Paragraph 14 of Plaintiff's Complaint, the Answering Defendants each admit that he/she/it is not a Florida resident. The Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 14 of Plaintiff's Complaint regarding Plaintiff's residence and form and can therefore neither admit nor deny same. The Answering Defendants deny all remaining allegations of Paragraph 14 of Plaintiff's Complaint.

15. Responding to the allegations of Paragraph 15 of Plaintiff's Complaint, the Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of those allegations and can therefore neither admit nor deny same.

16. Denied. By way of further response, Defendants Linford and Spamhaus show that Linford alone registered the domain name "spamhaus.org".

17. Denied.

18. Denied.

19. Denied.

20. Denied. By way of further response, as explained above, the Answering Defendants show that Joker is a registrar, not a registrant.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. The Answering Defendants incorporate by reference all separately enumerated defenses set forth herein, including their responses to Paragraphs 1-29 of Plaintiff's Complaint.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. The Answering Defendants incorporate by reference all separately enumerated defenses set forth herein, including their responses to Paragraphs 1-29 of Plaintiff's Complaint.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. The Answering Defendants incorporate by reference all separately enumerated defenses set forth herein, including their responses to Paragraphs 1-29 of Plaintiff's Complaint.

43. Denied.

35[2]. Denied. The Answering Defendants note that Plaintiff's Complaint contains errors in its numbering of the paragraphs therein. The use of "[2]" in this response and in the eight immediately following numbered responses refers to the second appearance of that numbered paragraph in Plaintiff's Complaint.

36[2]. The Answering Defendants incorporate by reference all separately enumerated defenses set forth herein, including their responses to Paragraphs 1-29 of Plaintiff's Complaint.

37[2]. Denied.

38[2]. Denied.

39[2]. Denied.

40[2]. Denied.

41[2]. The Answering Defendants incorporate by reference all separately enumerated defenses set forth herein, including their responses to Paragraphs 1-29 of Plaintiff's Complaint.

42[2]. Denied.

43[2]. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. The Answering Defendants incorporate by reference all separately enumerated defenses set forth herein, including their responses to Paragraphs 1-29 of Plaintiff's Complaint.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. The Answering Defendants incorporate by reference all separately enumerated defenses set forth herein, including their responses to Paragraphs 1-29 of Plaintiff's Complaint.

58. Denied.

59. Responding to the allegations of paragraph 59 of Plaintiff's Complaint, the Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and can therefore neither admit nor deny same. The Answering Defendants affirmatively show that, according to online records of the Corporations Division of the Office of the Secretary of State of Florida, "EmarketersAmerica.Org, Inc." was not formed until March 2003 and accordingly put Plaintiff to strict proof of its claim that EmarketersAmerica.Org, Inc. had contractual relationships with Adelphia Business Solutions, Qwest Communications Corporation, Worldcom, and/or XO Communications.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Responding to the unnumbered *ad damnum* clause immediately following paragraphs 35, 41, 40[2], 48, 56, and 64 of Plaintiff's Complaint, the Answering Defendants deny that they, or any of them, are liable under any theory for any equitable or financial relief or damages to Plaintiff and deny any additional allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Court lacks personal jurisdiction over each of the Answering Defendants.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction to adjudicate the claims set forth in Plaintiff's Complaint.

### THIRD DEFENSE

Plaintiff lacks standing to assert the claims set forth in Plaintiff's Complaint and to demand the relief demanded in Plaintiff's Complaint.

### FOURTH DEFENSE

Venue is improper.

### FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SIXTH DEFENSE

Process and/or service of process were insufficient.

### SEVENTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of truth.

### EIGHTH DEFENSE

No act, omission, or statement by the Answering Defendants, or any of them, caused or contributed to the injuries or damages for which Plaintiff seeks recovery.

### NINTH DEFENSE

At all relevant times, each Answering Defendant acted reasonably, in good faith, with the appropriate skill, prudence, and diligence and in a commercially reasonable manner.

## TENTH DEFENSE

Plaintiff's Complaint is barred in whole or in part by reason of the equitable doctrine of unclean hands.

## ELEVENTH DEFENSE

Plaintiff's Complaint is barred in whole or in part by the equitable doctrine of estoppel.

## TWELFTH DEFENSE

Plaintiff's Complaint is barred by the first amendment to the United States Constitution.

## THIRTEENTH DEFENSE

Any allegations of Plaintiff's Complaint not expressly admitted above are hereby denied.

## PRAYER FOR RELIEF

**WHEREFORE**, the Answering Defendants pray for judgment as follows:

(a) That judgment be entered on Plaintiff's Complaint in favor of the Answering Defendants and that Plaintiff take nothing (either in the form of legal or equitable relief) by way of that Complaint;

(b) That the Answering Defendants be awarded their costs of suit;

(c) That the Answering Defendants be awarded their reasonable attorneys' fees; and

(d) That this Court grant such other and further relief as it deems just and proper.

Respectfully submitted this 12th day of May, 2003,

                                    **HUNTON & WILLIAMS, LLP**

                                    _/s/ Samuel A. Danon_

                                    Samuel A. Danon
                                    Florida Bar No. 892671

Mellon Financial Center
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131

Phone: (305) 810-2510
Fax:   (305) 810-1610
email:  sdanon@hunton.com

<u>Of Counsel</u>
*(Pro hac vice application to be filed ASAP)*

Paul F. Wellborn, III
Georgia Bar No. 746720
**WELLBORN & BUTLER, LLC**
1372 Peachtree St., N.E., Suite 204
Atlanta, GA 30309

Phone: (404) 815-9595
Fax:   (404) 815-9957

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-80295-CIV-MIDDLEBROOKS/JOHNSON

EMARKETERSAMERICA.ORG, INC.,
A Florida not-for-profit corporation,

        Plaintiff,

v.

SPEWS.ORG d/b/a THE HERMES GROUP;
SPAMHAUS.ORG d/b/a THE SPAMHAUS PROJECT;
CSL GMBH JOKER.COM;
STEVE LINFORD;
JULIAN LINFORD;
ALAN MURPHY;
SUSAN WILSON a/k/a SUSAN GUNN a/k/a SHIKSAA;
STEVEN J. SOBOL;
CLIFTON T. SHARP;
RICHARD C. TIETJENS a/k/a MORLEY DOTES;
ADAM BROWER; and
STEPHEN JOSEPH JARED a/k/a JOE JARED,

        Defendants.
_____/

## CERTIFICATE OF SERVICE

This is to certify that I have this **12th day of May, 2003** served a copy of the foregoing Answer upon the below-listed counsel by placing a copy of same in a properly addressed envelope with sufficient first-class postage affixed with the United States Postal Service for delivery to:

        Mark E. Felstein
        Felstein & Associates, P.A.
        555 South Federal Highway, Suite 450
        Boca Raton, Florida 33432

14

HUNTON & WILLIAMS, LLP

_____
Samuel A. Danon
Florida Bar No. 892671

Mellon Financial Center
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131

Phone: (305) 810-2510
Fax:   (305) 810-1610
email: sdanon@hunton.com

15